UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>M. MARTINEZ, et al.,<br><br>　　　　Defendants | Case No. 1:12 cv 00631 LJO GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.      Screening Requirement**

   Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, a former inmate, brings this action against Defendant correctional officials employed by the California Department of Corrections and Rehabilitation (CDCR) at Pleasant Valley State Prison. The events that give rise to this lawsuit occurred while Plaintiff was an inmate in CDCR custody at Pleasant Valley. Plaintiff names as individual defendants Sergeant B. Davi and Correctional Officer M. Martinez.

Plaintiff's complaint consists of a rambling narrative, interspersed with legal argument and legal conclusions. It appears that Plaintiff is setting forth claims related to a disciplinary process. Plaintiff also refers to expressions of religious exercise and conditions of confinement. Plaintiff also refers to a retaliatory motive for the disciplinary charge. Plaintiff also complains about confiscation of a typewriter (he refers to the typewriter as an "ADA medical device").

Plaintiff alleges that on August 17, 2009, he was charged with a disciplinary violation. Specifically, Plaintiff alleges that he was charged with urinating into a trash can. Plaintiff alleges that he was suffering from "diabetic urgency" at the time. Plaintiff alleges that Defendant Martinez falsified the charge because Plaintiff is a Muslim. Plaintiff contends that he

cannot be guilty of the charged offense, as Muslims do not expose their private parts for others to view.

Plaintiff also alleges that in March of 2009, he was subjected to unconstitutional conditions of confinement when he was moved into a cell that was extremely cold. Plaintiff alleges that as a result he suffered "severe painful chills."

Plaintiff alleges that on May 7, 2009, Defendant Martinez appeared at Plaintiff's cell and told Plaintiff "not to write him up." Martinez accused Plaintiff of helping another inmate file a lawsuit against his son. Plaintiff responded that he had no knowledge of any lawsuit filed against Defendant's son. Martinez told Plaintiff that "he would so something to cause plaintiff some real problems."

### A. Disciplinary Process

Plaintiff's central allegation appears to be a fraudulent disciplinary process. Plaintiff alleges that he was convicted based upon false charges by Defendant Martinez. In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Although the specific facts of <u>Balisok</u> involved allegations of deceit and bias on the part of a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the effect of invalidating the result of a disciplinary hearing. The Ninth Circuit has recently applied the <u>Balisok</u> rule to a case in which a prisoner sought damages based on allegations that prison officials relied on false information to find him ineligible for parole. <u>Butterfield v. Bail</u>, 120 F.3d 1023 (9th Cir. 1997). Because the claim necessarily implied the invalidity of the plaintiff's continued confinement, it could not accrue until the conviction or sentence had been invalidated. <u>Id.</u>

In the instant case, plaintiff's core factual allegations are that he was convicted based upon charges that were false. Because plaintiff's claim necessarily implies the invalidity of plaintiff's continued confinement as a result of his disciplinary hearing, plaintiff's claim will not accrue until the conviction or sentence has been invalidated.

### B. Rule 18

The Court notes that Plaintiff's complaint appears to contain multiple, unrelated claims. "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims, legal, equitable or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a). Thus, multiple claims against a single party are permissible, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass (a multiple claim, multiple defendant) suit produces, but also to ensure that prisoners pay the required filing fees. The Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without the prepayment of the required fees. 28 U.S.C. § 1915(g). <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff clearly violates Rule 18(a) by including multiple unrelated claims in this single filing. Plaintiff will be given an opportunity to file an amended complaint under this case number, wherein he is directed to plead/allege only related claims. All unrelated claims should

be brought in separate suits.  Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed as strikes, such that Plaintiff may be barred from filing in forma pauperis in the future.

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

### III.     Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d

at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

  Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

  IT IS SO ORDERED.

Dated: **June 13, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE