UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG, | 1:12-cv-00631-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | (Doc. 22.) |
| M. MARTINEZ, et al., | |
| Defendants. | |

## I.      RELEVANT PROCEDURAL HISTORY

Brady K. Armstrong ("Plaintiff") is a former state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  On August 18, 2014, this case was dismissed, with prejudice, for failure to state a claim, as a result of Plaintiff's failure to file an amended complaint in compliance with the court's order of June 13, 2014.  (Doc. 22.)  On March 23, 2015, Plaintiff filed a motion for reconsideration of the dismissal, which is now before the court.  (Doc. 24.)

## II.     MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff argues that events beyond his control prevented him from timely filing an amended complaint in compliance with the court's order of June 13, 2014.  Plaintiff asserts that his sister intentionally withheld all of his mail delivered to his address in Victorville, California, and it wasn't until January 15, 2015 that his nephew gave him the withheld mail sent by the court in October and November 2014.  Plaintiff also asserts that he was either hospitalized or homeless between August 2014 and January 2015, which prevented him from timely responding to the court's order.  Plaintiff also asserts that his mother passed away on February 1, 2015, and his son was hospitalized on or about March 1, 2015.

**Discussion**

On April 14, 2014, Plaintiff filed a notice of change of address in this case to a street address in Victorville, California. (Doc. 17.) According to Plaintiff's assertions, from that date forward, his sister intentionally withheld all of his mail delivered to the Victorville address, and on January 15, 2015, he was able to recover the withheld mail sent there by the court in October and November 2014.

Plaintiff does not explain when or how he became aware of the August 18, 2014 dismissal of this case, or why his hospitalization, his homelessness, his mother's death, or his son's hospitalization prevented him from filing a motion for reconsideration until March 23, 2015. A Rule 59(e) motion to alter or amend a judgment must be filed within ten days after the entry of judgment, and a Rule 60(a) motion for reconsideration must be filed within a reasonable time.[1] Thus, Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on March 23, 2015, is DENIED.
IT IS SO ORDERED.

Dated:  **March 24, 2015**           **/s/ Lawrence J. O'Neill**
                                      UNITED STATES DISTRICT JUDGE

---

[1] "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A Rule 60(b) motion "must be made within a reasonable time . . .[and] no more than a year after the entry of the judgment," for reasons under Rule 60(b)(1), (2) or (3). Fed. R. Civ. P 60(c). "'What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties.'" Lemoge v. U.S. (9th Cir. 2009) 587 F.3d 1188, 1196-97 (quoting Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam).